■ 121–129 BROADWAY REALTY, INC., Appellant, v. CITY OF SCHENECTADY, Respondent.— MEMORANDUM BY THE COURT. Appeal from a judgment of the Supreme Court at Trial Term, entered upon a decision dismissing the complaint in an action to compel specific performance by defendant city of an alleged agreement to purchase certain real property. The legal and factual issues which the trial has now demonstrated to be determinative were among those outlined and discussed in our memorandum decision upon a prior appeal, taken by plaintiff upon denial of its motion for summary judgment, and we need not again define them. (See 17 A D 2d 1016.) In respect of the critical issues at least, the trial developed no significant evidence beyond that submitted upon the motion for summary judgment. The informal and unrecorded action or expression of views of the members of the City Council, at the private meeting or executive session to which the City Manager looked as the basis of his authority to make an offer of purchase, was ineffective for any purpose, under the procedural requirements and other authorities cited in our memorandum upon the prior appeal; and no authority was supplied, nor was any support afforded by the council's action, taken two

months prior to the executive session here in issue (whether such action be deemed a resolution, as it was specifically designated, or an ordinance as appellant contends), whereby the council "declare[d] its intention" to widen the street on which plaintiff's lot abutted "within a five-year period from the date of the adoption of this resolution". Thus there was no valid action by the city to acquire plaintiff's lands. Additionally, of course, the resolution of intent did not constitute compliance with the Statute of Frauds, either with respect to a "note or memorandum * * * expressing the consideration * * * in writing" or with respect to the delegation of any authority to the City Manager or other "lawful agent * * * by writing" (Real Property Law, § 259, now General Obligations Law, § 5–703); and the City Manager's letter, written 14 months later, was unauthorized and ineffective on that additional ground. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.